IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ABISHAI EUGENE,**

    **Petitioner,**

v.                                            Case No. 4:14cv307-MW/CAS

**JULIE L. JONES, Secretary,
Department of Corrections,**[1]

**Respondent.**
_____/

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS § 2254 PETITION AS UNTIMELY

On June 16, 2014, under the mailbox rule, Petitioner Abishai Eugene, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The Respondent was ordered on August 12, 2014, to file an answer, motion, or other response to the petition. ECF 6. On May 7, 2015, Respondent filed a motion to dismiss the § 2254 petition as untimely. ECF 16 (with exhibits). Petitioner has filed a reply to the motion. ECF 18 (with exhibits).

---

[1] The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews. Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised by the parties, the undersigned has determined that no evidentiary hearing is required.  As explained below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be granted and the § 2254 petition should be dismissed as untimely.

## **Background and Procedural History**

Petitioner was charged by amended information, in Leon County Circuit Court Case No. 2007-CF-2064, with the June 9, 2001, sexual battery of a physically helpless victim.  Ex. A.[2]  Petitioner proceeded to jury trial where he was found guilty as charged.  Ex. A at 98.  Petitioner was sentenced to fifteen years in prison.  Ex. A at 103.  He appealed the judgment and sentence to the Florida First District Court of Appeal, which

---

[2] References to the trial court record, "Ex. –," will be made to the Exhibits filed by Respondent in conjunction with the Motion to Dismiss, ECF 16.

affirmed his conviction without opinion on February 9, 2011. Ex. J. Petitioner's motion for rehearing was denied on March 25, 2011, Ex. L, and the mandate was issued April 12, 2011. Ex. M.

Petitioner filed a petitioner for writ of habeas corpus alleging ineffective assistance of appellate counsel in the First District Court of Appeal on January 12, 2012, by the mailbox rule. Ex. N. The petition was denied on the merits on February 10, 2012. Ex. O. His motion for rehearing was denied on May 7, 2012. Ex. Q.

Petitioner's initial motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 was filed in the Circuit Court on August 15, 2012, under the mailbox rule. Ex. R at 1. On February 21, 2013, the circuit court dismissed the Rule 3.850 petition without prejudice based on the finding that it was "not properly sworn." Ex. R at 81.

On February 4, 2013, Petitioner filed a "Petition for Emergency Writ of Habeas Corpus" in the Circuit Court of Santa Rosa County. Ex. R. at 47. After that case was transferred to Leon County, Ex. R at 78, Petitioner appealed the transfer, which was affirmed by the appellate court on July 23, 2013. Ex. CC. The petition for emergency writ of habeas corpus was

dismissed on April 22, 2013, citing Baker v. State, 878 So. 2d 1236 (Fla. 2004), which reiterated that the extraordinary writ of habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in post-conviction motions. Ex. R at 82-83.

On September 11, 2013, Petitioner filed a motion to correct or to reopen the previously dismissed 3.850 proceeding, in which he alleged that he never received the February 21, 2013, order dismissing the case. Ex. R. at 84. The motion was denied on September 18, 2013, concluding that the Rule 3.850 motion was dismissed and "cannot be reopened." Ex. R at 86. Petitioner then filed a motion for rehearing of the February 21, 2013, order dismissing his Rule 3.850 motion, Ex. R. at 91. The motion for rehearing was denied on October 11, 2013. R. at 106. Petitioner appealed the denial of his motion, but the appeal was dismissed on March 3, 2014, on one or more of the several grounds cited in the district court's order to show cause—that the order was not a final order or an appealable non-final order and that the notice of appeal was not timely filed because the motion for rehearing had not been timely filed. Ex. U, S.

Case No. 4:14cv307-MW/CAS

On December 23, 2013, Petitioner filed a motion to vacate and strike the previous dismissal of his petition for emergency writ of habeas corpus that had been transferred from Santa Rosa County. Ex. V at 1. This motion was denied on January 8, 2014, Ex. V at 7, and Petitioner appealed on February 4, 2014, Ex. V at 23, arguing in his brief that the court erred in denying the request to nullify his judgment and conviction. Ex. W. The First District Court of Appeal affirmed per curiam without opinion on November 21, 2014. Ex. Y.

On April 23, 2014, Petitioner filed in the First District Court of Appeal a Petition for Writ of Habeas Corpus seeking a belated appeal of the February 21, 2013, dismissal of his Rule 3.850 petition in Leon County Circuit Court Case No. 2007-CF-2064. He argued in his petition for belated appeal that the February 21, 2013, dismissal order was not received by him until after he inquired about the status of the case in August 2013. Ex. DD. The district court denied the petition for belated appeal on the merits on May 16, 2014. Ex. EE.

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on June 16, 2014. ECF 1.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*  The time frame may commence later based on: the date on which an unconstitutional impediment preventing the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application or other collateral review with respect to the pertinent judgment or claim is pending.  28 U.S.C. § 2244(d)(2).  The time may also be equitably tolled in rare cases, but "only if petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the district court affirmed Petitioner's conviction and sentence without a written opinion, making discretionary review in the Florida Supreme Court unavailable to petitioner from the affirmance of his direct appeal.  *See, e.g.*, Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006).  Therefore, his judgment became final under § 2244(d)(1)(A) when the ninety-day time period for seeking certiorari review in the United States Supreme Court expired.  The ninety days does not run from the mandate. *See, e.g.*, Clay v. United States, 537 U.S. 522, 525 (2003).  Petitioner's conviction became final ninety days after the district court denied his motion for rehearing of affirmance of his direct appeal on March 25, 2011.  Ex. L.

The one-year limitation period for filing the § 2254 petition therefore began on June 24, 2011, and would terminate on June 25, 2012, barring any tolling under § 2244(d)(2).  Once the limitation period commenced on June 24, 2011, it ran for 202 days before it was tolled by Petitioner's filing of a petition seeking belated appeal in the First District Court of Appeal on January 12, 2012.  Ex. N.  The limitations period recommenced when the district court of appeal denied Petitioner's motion for rehearing on May 7,

2012, after denial of the petition for belated review.  Ex. Q.  The remaining 163 days of the limitation period ran untolled from May 7, 2012, until the limitations period expired on October 17, 2012.  The § 2254 petition was not filed until June 16, 2014.  ECF 1.  Accordingly, the petition is untimely unless further filing tolled the running of the limitations period.

Petitioner contends that his Rule 3.850 motion filed on August 15, 2012, under the mailbox rule, Ex. R at 1, tolled the time; but that motion was dismissed by order entered February 21, 2013, on the ground that it was not "properly sworn to under oath."  R. at 81.  If Petitioner filed the state habeas petition in the proper court having jurisdiction and there was no evidence that Petitioner did not comply with other mandated filing conditions under Florida law, then the petition would be considered properly filed for purposes of the AEDPA tolling provision.  Thompson v. Sec'y, Dep't of Corr., 595 F.3d 1233 (11th Cir. 2010).  An application is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 521 U.S. 4, 8 (2000).  These requirements, which must be met for proper filing, include "the form of the document."  Id. at 8.

Case No. 4:14cv307-MW/CAS

The Respondent contends that the dismissal of the post-condition motion for improper oath indicates the motion was not "properly filed" and does not qualify for tolling for "properly filed" applications for post-conviction or other collateral review under § 2244(d)(2). ECF 16 at 8-9. Petitioner counters with the argument that the motion was properly sworn because it contained the statement "I HEREBY DECLARE under penalties of perjury, I declare that I have read the foregoing Motion for Post-Conviction Relief and that the facts in it are true to the best of my knowledge and belief." ECF 18 at 2 (referencing Ex. R at 82). The post-conviction court did not explain the specific reason for concluding the motion was not properly sworn. The oath contained in Petitioner's 3.850 motion was signed by Petitioner although not notarized, but notarization was not required. *See, e.g.,* Theoc v. State, 832 So. 2d 261, 262 (Fla. 3d DCA 2002). The oath, however, did not comply with the prescribed form for an unnotarized oath that was set forth in Florida Rule of Criminal Procedure 3.987 at the time Petitioner filed his motion.

That form called for a Rule 3.850 movant to state: "Under penalties of perjury, I declare that I have read the foregoing motion and that the facts

Case No. 4:14cv307-MW/CAS

stated in it are true." <u>Amendments to the Florida Rules of Criminal Procedure</u>, 794 So. 2d 457, 505 (Fla. 2000).

Petitioner contends that the oath he signed met the requirements of Rule 3.987 in substance, and because his post-conviction motion was otherwise properly filed, it should toll the running of the one year limitation in § 2244. This contention overlooks the provision of section 92.525(2) that allows the additional "knowledge and belief" qualifier only when permitted by law. Section 92.525(2), Florida Statutes, provides that "[a] written declaration means the following statement: 'Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true,' followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words 'to the best of my knowledge and belief' may be added." § 92.525(2), Fla. Stat. (2013).

The prescribed form for Petitioner's Rule 3.850 motion set forth in Rule 3.987 did not provide for inclusion of a "knowledge and belief" qualifier. The Florida Supreme Court has held that the addition of a "best of his knowledge and belief" qualifying phrase renders the oath a nullity and

insufficient to meet the requirements Rule 3.987 and Rule 3.850 because the qualifying language allows a defendant to file a post-conviction motion without actually attesting to the truth of the facts stated. "The defendant must be able to affirmatively say that his allegation is true and correct." Scott v. State, 464 So. 2d 1171, 1171 (Fla. 1985). The Florida Supreme Court in Scott rejected this qualifying language based on "concern about the use of false allegations in motions for post-conviction relief." Gorham v. State, 494 So. 2d 211, 212 (Fla. 1986) (explaining its holding in Scott). This is a substantive requirement intended to ensure the truth of the facts alleged, and is not simply one of formatting.

  The Eleventh Circuit has explained that a post-conviction motion is not "properly filed" if it fails to comply with Florida's written oath requirement. Delguidice v. Fla. Dep't of Corr., 351 F. App'x 425, 428 (11th Cir. 2009). *See also* Jones v. Sec'y, Fla. Dep't of Corr., 499 F. App'x 945, 950 (11th Cir. 2012). Generally, state rules establishing filing conditions fall within the meaning of "properly filed" under § 2244(d)(2). Kearse v. Sec'y, Fla. Dep't of Corr., 736 F.3d 1359, 1364 (11th Cir. 2013). "Filing conditions encompass more than merely the conditions necessary "to get a clerk to

Case No. 4:14cv307-MW/CAS

accept [a] legal petition,' and include requirements that 'often necessitate judicial scrutiny." Jones, 499 Fed. Appx. at 950.  Where, as here, the state court determines that the oath is improper under Florida rules and laws, the federal courts will generally defer to that determination.  *See id; see also* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (deferring to state court's determination that petitioner's Rule 3.850 motion was not properly verified as required by Florida law, and concluding that the motion was not "properly filed" under § 2244(d)(2)).  Where a motion is not "properly filed," there is no tolling of the limitation period.  Sibley v. Culliver, 377 F.3d 1196, 1202 (11th Cir.2004); *see also* Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because Hurley's state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA was not tolled."

Petitioner's Rule 3.850 motion was not properly filed as required by Florida law and as determined by the state post-conviction court.  For this reason, the Rule 3.850 motion did not toll the running of the limitation period for filing the § 2254 petition for habeas relief in this Court.  Because

no "other collateral review with respect to the pertinent judgment or claim" was filed during the limitations period to further toll the running of the time, Petitioner's § 2254 petition was not timely filed in this Court.

Petitioner contends that even if his Rule 3.850 motion was not properly filed by reason of containing an invalid oath and did not toll the limitation period, equitable tolling based on circumstances surrounding that motion should require tolling.  He contends that the error in the oath was caused by the prison legal clerk who incorrectly added the "best knowledge and belief" qualifier to the oath when Petitioner's handwritten motion was typed.  *See* Ex. A to Petitioner's Reply at page 45.  Petitioner further contends that this error in the preparation of his Rule 3.850 motion justifies equitable tolling because the failure to prepare a proper motion was the fault of the State and is a state-created procedural bar.  Neither Petitioner's pro se status nor the inadequacy of services of the inmate law clerk who helped draft the habeas petition are extraordinary circumstances justifying equitable tolling.  *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Further, Petitioner failed to file another Rule 3.850 motion in accord with the February 21, 2013, order of dismissal with leave to refile a proper motion, and he failed to file an appeal from the order.  He argues that this failure should be excused because he did not receive a copy of the order until many months after its issuance, and only after he inquired about its status in August 2013.  For this reason, Petitioner contends, his Rule 3.850 motion and related filings should all be credited toward tolling under the principle of equitable tolling.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).  To demonstrate entitlement to equitable tolling, a petitioner must show: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)

Case No. 4:14cv307-MW/CAS

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  It is "an extraordinary remedy which is typically applied sparingly."  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The threshold to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

    Petitioner raised similar factual arguments in the First District Court of Appeal as grounds for his petition for belated appeal of the dismissal of his post-conviction motion, but that petition was denied on the merits.[3]  Ex. EE.  Because Petitioner has not shown meritorious grounds for failing to pursue his rights diligently after dismissal of his Rule 3.850 motion, and has not shown that some extraordinary circumstances beyond his control stood in his way to a timely filing in this Court, he is not entitled to equitable tolling to extend the time for filing his § 2254 petition in this Court.

---

[3] The petition for belated appeal did not toll the period for filing the § 2254 petition.  Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015).  The denial on the merits, however, is an indication that Petitioner did not show good cause for failing to pursue his Rule 3.850 proceeding or appeal after entry of the February 21, 2013, order dismissing his motion.

None of petitioner's remaining motions or proceedings triggered the tolling benefit of § 2244(d)(2) because they were filed after the AEDPA's limitations period expired on October 17, 2012.  *See* Webster v. Moore, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  His § 2254 petition was not filed in this Court until June 16, 2014, well past the October 17, 2012, deadline and was therefore untimely.

For all these reasons, Respondent's motion to dismiss the § 2254 petition for writ of habeas corpus as untimely should be granted.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF 16) be **GRANTED**, **IN CHAMBERS** at Tallahassee, Florida, on October 31, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:14cv307-MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.